IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SIKAI TELEA,

    Petitioner,

    v.

K. HARRINGTON, Warden,

    Respondent.

No. C-10-2001 TEH (PR)

ORDER TO SHOW CAUSE

Petitioner, a state prisoner incarcerated at Kern Valley State Prison in Corcoran, California, has filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from San Mateo County Superior Court. Doc. #1. He has paid the $ 5.00 filing fee.

I

Petitioner was sentenced to life in state prison following his convictions by jury in San Mateo County Superior Court of multiple counts of murder, attempted murder and robbery. The California Court of Appeal affirmed the judgment in an unpublished

opinion. <u>People v. Telea</u>, No. A110926, 2008 WL 4997608 (Cal. Ct. App. Nov. 28, 2008). On February 11, 2009, the California Supreme Court denied review. <u>Id</u>. The instant federal Petition for a Writ of Habeas Corpus followed. Doc. #1.

## II

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

Petitioner seeks federal habeas corpus relief by alleging several claims, including: (1) the trial court violated his due process rights by excluding various forms of evidence proffered by the defense; (2) a violation of his right to remain silent under <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966) (<u>Miranda</u>); and (3) a violation by the prosecutor of Petitioner's rights under <u>Doyle v. Ohio</u>, 426 U.S. 610, 618–19 (1976) (it is fundamentally unfair and a deprivation of due process to use post-<u>Miranda</u> silence against a defendant at trial in view of the implicit assurance contained in <u>Miranda</u> warnings that exercise of the right of silence will not be penalized). Liberally construed, Petitioner's claims appear cognizable under 28 U.S.C. § 2254 and merit an Answer from Respondent. <u>See</u> <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1020 (9th Cir.

2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

### III

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this Order and the Petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within sixty (60) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty (30) days of his receipt of the Answer.

3. In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within thirty (30) days of receipt of the motion, and

3

Respondent shall file with the Court and serve on Petitioner a Reply within fifteen (15) days of receipt of any Opposition.

    4.    Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner also must keep the Court and all parties informed of any change of address.

IT IS SO ORDERED.

DATED   06/14/10

                                      THELTON E. HENDERSON  
                                      United States District Judge

G:\PRO-SE\TEH\HC.10\Telea-10-2001-osc.wpd

**4**