IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIKAI TELEA, | No. C-10-2001 TEH (PR) |
| Petitioner, | |
| v. | ORDER GRANTING RESPONDENT'S UNOPPOSED MOTION TO DISMISS |
| K. HARRINGTON, Warden, | |
| Respondent. | (Doc. #5) |

Petitioner, a state prisoner incarcerated at Kern Valley State Prison in Corcoran, California, has filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a criminal judgment from San Mateo County Superior Court.  Doc. ## 1 & 3.

I

On July 12, 2005, Petitioner was sentenced to life in state prison without the possibility of parole following his convictions by jury in San Mateo County Superior Court of two counts of murder, six counts of robbery and four counts of attempted

murder. Doc. #1 at 2-3; Doc #3 at 2-3.

Petitioner appealed, and the California Court of Appeal affirmed the judgment of the superior court in an unpublished opinion. People v. Telea, No. A110926, 2008 WL 4997608 at *1 (Cal. Ct. App. Nov. 25, 2008); see Doc. #5-1 at 2-23. On February 11, 2009, the California Supreme Court denied a petition for review. Id.; see Doc. #5-1 at 25-26.

The docket in the instant action shows that on May 10, 2010, an unsigned and undated federal petition for a writ of habeas corpus was filed in this Court on behalf of Petitioner by Petitioner's appellate counsel. Doc. #1. The court-approved form petition contained neither legal claims nor supporting factual allegations; it did, however, list three typewritten case citations. See Doc. #1 at 6-7. The petition contained the following undated typewritten "verification" from Petitioner's appellate counsel:

> I am the attorney appointed to represent Petitioner Telea in his state appeal. I have prepared the foregoing petition on petitioner's behalf because he is foreign born and his English writing skills are not good. I am authorized by petition[er] [to] file this petition on his behalf, pursuant to rule 2(c), R[u]les Governing section 2254 cases and 28 U.S.C. section 2242. I verify under penalty of perjury that the contents of the petition are true and correct to the best of my knowledge.

Doc. #1 at 7. The verification was signed by counsel. Id.

The docket also shows that the Clerk notified Petitioner that his initial filing was deficient due to the incomplete petition and that on June 8, 2010, the Court filed another petition. Doc. ## 2 & 3. This petition, like the first, used the court-approved form, but was completed by hand, signed by Petitioner and dated May 27,

2

2010.  See Doc. #3.  The petition raised five separate legal claims pertaining to the exclusion of particular forms of defense evidence and violations of Petitioner's rights under Miranda v. Arizona, 384 U.S. 436 (1966) and Doyle v. Ohio, 426 U.S. 610, 618-19 (1976).  Id. After the Court issued an order to show cause why the petition should not be granted, in lieu of an Answer, Respondent filed a Motion to Dismiss the Petition as untimely under 28 U.S.C. § 2244(d).  Doc. #5.  That motion, filed August 12, 2010, is unopposed.

## II

### A

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could not have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d)(1)(A)-(D).  Time

3

during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  Id. § 2244(d)(2).

Here, the limitation period commenced on May 13, 2009,[1] when the ninety-day period for filing a petition for a writ of certiorari expired.  See 28 U.S.C. § 2241(d)(1)(A).  Thus, absent tolling, the limitation period expired a year later on May 13, 2010.  See 28 U.S.C. § 2241(d)(1).

B

Section 2244(d)(2) tolls the one-year limitation period for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  But, an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2).  Duncan v. Walker, 533 U.S. 167, 180–81 (2001). Thus, the running of the limitation period is not tolled for the period during which a petition is pending in federal court.  Id. at 181.

Here, presumably the document filed on May 10, 2010 by Petitioner's appellate counsel – which contained neither legal

---

[1] The period of statutory tolling is calculated according to the general rule for counting time in federal courts, Rule 6(a) of the Federal Rules of Civil Procedure.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  That is, "the day of the act, event, or default from which the designated period of time begins to run shall not be included" in the one-year limitation period. Fed. R. Civ. P. 6(a).  Thus, the limitation period began running on May 13, 2009, rather than May 12, 2009, as Respondent states.  See Doc. #5 at 3.

**4**

1 claims nor factual allegations in support thereof – was intended to
2 stop the limitation period.  Regrettably for Petitioner, it did not.
3 <u>Duncan</u>, 533 U.S. at 180-81.  Even more unfortunate for Petitioner is
4 that when he filed a petition on May 27, 2010 – one that did raise
5 legal claims and supporting factual allegations, that petition was
6 two weeks past the limitation period.  The petition is untimely.
7 Respondent's unopposed Motion to Dismiss (Doc. #5) is GRANTED.
8            The Clerk is directed to terminate any pending motions as
9 moot and close the file.

11           IT IS SO ORDERED.

13 DATED     01/18/2011

   THELTON E. HENDERSON
   United States District Judge

27 G:\PRO-SE\TEH\HC.10\Telea-10-2001-grant unopposed mtd-untimely.wpd

5